UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY WALKER, | No. 2:25-cv-1523 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY MAIN JAIL, | |
| Defendant. | |

Plaintiff is a Sacramento County Jail inmate proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and both parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c). Defendant removed this action from the Sacramento County Superior Court on May 30, 2025. Plaintiff does not object to removal.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Having conducted the required screening, the court finds that the complaint fails to state a claim upon which relief can be granted. Accordingly, the complaint will be dismissed. Plaintiff will be

given an opportunity to state a claim upon which he may proceed against defendant in an amended complaint.

Plaintiff asserts he has been denied the right to practice his religion. In order to show a violation by Sacramento County, plaintiff must show a Sacramento County policy, custom or practice burdened the practice of plaintiff's religion without any justification reasonably related to legitimate jail interests. See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is burdened by a regulation to raise a viable claim under the Free Exercise Clause. Id. at 884–85. Rather, the sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. Id. The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994).

Further, plaintiff is informed that municipalities and their entities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. The allegations in plaintiff's complaint do not suggest he was harmed by a Sacramento County Jail policy, custom, or practice.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

1 | number assigned this case and must be labeled "Amended Complaint." Failure to file an
2 | amended complaint in accordance with this order will result in a recommendation that this action
3 | be dismissed.

Dated: September 2, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
walk1525.14

3