UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY WALKER,<br><br>                    Plaintiff,<br><br>        v.<br><br>SACRAMENTO COUNTY MAIN JAIL,<br><br>                    Defendant. | No.  2:25-cv-1523 CKD P<br><br><br>ORDER |

Plaintiff is a Sacramento County Jail inmate proceeding pro se.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and both parties have consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).  Plaintiff's amended complaint is before the court for screening.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Having conducted the required screening, the court finds that the amended complaint fails to state a claim upon which relief can be granted.  Accordingly, the amended complaint will be

dismissed. Plaintiff will be given one final opportunity to state a claim upon which he may proceed in a second amended complaint.

As with plaintiff's original complaint, the only defendant identified is the Sacramento County Main Jail. As plaintiff already knows from the court's first screening order, municipalities and their entities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. The allegations in plaintiff's complaint do not suggest he was harmed by a Sacramento County Jail policy, custom, or practice.

Plaintiff asserts that complaints made by him to jail staff were never investigated. However, plaintiff fails to indicate how this amounts to a violation of plaintiff's federal rights.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how conditions resulted in a deprivation of plaintiff's Constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff must allege in specific terms how persons identified as defendants were involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations, such as allegations that persons in charge are liable simply because they are in charge, are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 7, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
walk1525.14(2)

3